IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

MARCELLA WRIGHT, as Personal
Representative of the Estate of
JOHN BERG, deceased,

                                   CASE NO.:  16-002342-CI-15

      Plaintiff,

v.

CHARLES WINZENREAD and
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
a foreign profit corporation,

      Defendants.

_____/

## NATIONWIDE'S AMENDED ANSWER TO AMENDED COMPLAINT

Defendant NATIONWIDE MUTUAL FIRE INSURANCE COMPANY (hereinafter "Nationwide"), by its undersigned counsel, files this its Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint and responds to each paragraph therein, in order, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Nationwide is without knowledge and demands strict proof thereof.

6. Admitted.

## COUNT I
## NEGLIGENCE

7.     Nationwide repeats and incorporates by reference its responses to Paragraphs 1- 6 above, as if fully set forth herein.

8.      Admitted.

9.      Nationwide is without knowledge and demands strict proof thereof.

10.     Nationwide is without knowledge and demands strict proof thereof.  As to each subparagraph:

      a.  Nationwide is without knowledge and demands strict proof thereof.

      b.  Nationwide is without knowledge and demands strict proof thereof.

      c.  Admitted that the stated damages are being sought.   Nationwide is without knowledge and demands strict proof of those damages.

11.     Admitted that the stated damages are being sought.  Nationwide is without knowledge and demands strict proof of those damages.  As to each subparagraph:

      a.  Nationwide is without knowledge and demands strict proof thereof.

      b.  Nationwide is without knowledge and demands strict proof thereof.

## COUNT II
## UNINSURED MOTORIST BENEFITS

12.     Nationwide repeats and incorporates by reference its responses to Paragraphs 1- 6 above, as if fully set forth herein.

13.     Nationwide is without knowledge and demands strict proof thereof.

14.     Nationwide denies that the policy was issued in Florida.  The policy was issued in Illinois and Illinois law applies to Count II.   Defendant Nationwide admits the existence of a policy of automobile insurance which provides uninsured motorist coverage subject to the conditions, limitations, and provisions of the policy, and that the policy was in effect on the date of the accident alleged in the Complaint. While the Defendant Nationwide admits coverage subject to the above conditions, limitations, and provisions of the policy and admits that Plaintiff is an insured there under, Defendant Nationwide denies that Plaintiff is entitled to recover. Defendant Nationwide further states that this action is subject to Illinois law.

15.    Denied.

16.    Nationwide is without knowledge and demands strict proof thereof.  As to each subparagraph:

      a.  Nationwide is without knowledge and demands strict proof thereof.

      b.  Nationwide is without knowledge and demands strict proof thereof.

17.    Admitted that the stated damages are being sought.    Nationwide is without knowledge and demands strict proof of those damages.  As to each subparagraph:

      a.  Nationwide is without knowledge and demands strict proof thereof.

      b.  Nationwide is without knowledge and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    Defendant Nationwide admits the existence of a policy of automobile insurance which provides uninsured motorist coverage subject to the conditions, limitations, and provisions of the policy, and that the policy was in effect on the date of the accident alleged in the Complaint. While the Defendant Nationwide admits coverage subject to the above conditions, limitations, and provisions of the policy and admits that Plaintiff is an insured there under, Defendant Nationwide denies that Plaintiff is entitled to recover.  Defendant Nationwide further states that Count II of this action is subject to Illinois law.

2.    For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred by Plaintiff's failure to mitigate the damages alleged.

3.    For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred as the claim of Plaintiff is restricted to the benefits of the Illinois uninsured/underinsured motorist law.

4.    For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred of all amounts paid or payable to or for the benefit of

Plaintiff under the personal injury protection portion of any applicable or required automobile insurance policy (including deductible amounts), or any other collateral source as enumerated by Illinois Law.

5.      For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred by any settlement, judgment, or payment of any kind by any individual or entity in connection with the subject matter of the incident described in the Complaint.

6.      For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred to the extent of available insurance coverage, including benefits available through any guaranty association or other governmental authority, available to any individual or entity which may be wholly or partially responsible for the damages alleged in connection with the subject matter of the incident described in the Complaint.

7.      For an additional affirmative defense, Defendant Nationwide alleges entitlement to immunity from liability for the amount of any deductible selected by Plaintiff or by which Plaintiff is bound pursuant to any applicable automobile insurance agreement(s) providing personal injury protection coverage.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, Defendant Nationwide demands trial by Jury of all issues so triable as a matter of right by Jury.

## **CERTIFICATE OF SERVICE**

The document contains no confidential or sensitive information or that any such confidential or sensitive language has been properly protected by complying with the provisions

of Rule 2.420 and 2.425.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail to James L. Magazine, Esquire, Lucas Magazine, 8606 Government Drive, New Port Richey, Florida 34654, lucasmagazine@lucasmagazine.com and Stuart J. Freeman, Esquire, Brasfield, Freeman, Goldis & Cash, P.A., 2553 First Avenue North, St. Petersburg, Florida 33713, sjfreeman@brasfieldlaw.net, csigel@brasfieldlaw.net, on this 13th day of July, 2016.

LAW OFFICES OF PATRICIA E. GARAGOZLO

_____
Alan K. Cooper, Esquire
FBN: 970646
13577 Feather Sound Drive, Suite 390
Clearwater, FL 33762
(727) 954-1952 (main)
(727) 954-1976 (direct)
(877) 645-7395 (fax)
clwmail@Nationwide.com
Counsel for Defendant, Nationwide Mutual Fire
Insurance Company