UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCELLA WRIGHT, as Personal
Representative of the Estate of
JOHN BERG, deceased,

CASE NO.: 8:16-cv-2028-T-35TGW

  Plaintiff,

v.

CHARLES WINZENREAD and
NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
a foreign profit corporation,

  Defendants.

_____

## NATIONWIDE'S AMENDED ANSWER TO AMENDED COMPLAINT

Defendant, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY (hereinafter "Nationwide"), by and through its undersigned counsel, files this its Amended Answer and Affirmative Defenses to Plaintiff's Complaint and responds to each paragraph therein, in order, as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Nationwide is without knowledge and demands strict proof thereof.
6. Admitted.

### COUNT I
### NEGLIGENCE

7. Nationwide repeats and incorporates by reference its responses to Paragraphs 1-6 above, as if fully set forth herein.

8. Admitted.

9. Nationwide is without knowledge and demands strict proof thereof.

1

10. Nationwide is without knowledge and demands strict proof thereof. As to each subparagraph:

    a. Nationwide is without knowledge and demands strict proof thereof.

    b. Nationwide is without knowledge and demands strict proof thereof.

    c. Admitted that the stated damages are being sought. Nationwide is without knowledge and demands strict proof of those damages.

11. Admitted that the stated damages are being sought. Nationwide is without knowledge and demands strict proof of those damages. As to each subparagraph:

    a. Nationwide is without knowledge and demands strict proof thereof.

    b. Nationwide is without knowledge and demands strict proof thereof.

## COUNT II
## UNINSURED MOTORIST BENEFITS

12. Nationwide repeats and incorporates by reference its responses to Paragraphs 1- 6 above, as if fully set forth herein.

13. Nationwide is without knowledge and demands strict proof thereof.

14. Defendant Nationwide admits the existence of a policy of automobile insurance which provides uninsured motorist coverage subject to the conditions, limitations, and provisions of the policy, and that the policy was in effect on the date of the accident alleged in the Complaint. While the Defendant Nationwide admits coverage subject to the above conditions, limitations, and provisions of the policy and admits that Plaintiff is an insured there under, Defendant Nationwide denies that Plaintiff is entitled to recover. Defendant Nationwide further states that this action is subject to Florida Statute 627.727.

15. Denied.

16. Nationwide is without knowledge and demands strict proof thereof. As to each subparagraph:

    a. Nationwide is without knowledge and demands strict proof thereof.

    b. Nationwide is without knowledge and demands strict proof thereof.

17. Admitted that the stated damages are being sought. Nationwide is without knowledge and demands strict proof of those damages. As to each subparagraph:

    a. Nationwide is without knowledge and demands strict proof thereof.

    b. Nationwide is without knowledge and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. Defendant Nationwide admits the existence of a policy of automobile insurance which provides uninsured motorist coverage subject to the conditions, limitations, and provisions of the policy, and that the policy was in effect on the date of the accident alleged in the Complaint. While the Defendant Nationwide admits coverage subject to the above conditions, limitations, and provisions of the policy and admits that Plaintiff is an insured there under, Defendant Nationwide denies that Plaintiff is entitled to recover. Defendant Nationwide further states that this action is subject to Florida Statute 627.727.

2. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred by Plaintiff's failure to mitigate the damages alleged.

3. For an additional affirmative defense, Defendant Nationwide states that it is entitled to an apportionment of damages in relation to the degree of fault of all parties/persons pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), and to any and all relief contained in Section 768.81, Fla.Stat., limiting the doctrine of joint and several liability.

4. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred as the claim of Plaintiff is restricted to the benefits of the Florida Motor Vehicle No-Fault Law.

5. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred of all amounts paid or payable to or for the benefit of Plaintiff under the personal injury protection portion of any applicable or required automobile insurance policy (including deductible amounts), or any other collateral source as enumerated by Florida Law.

6. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred by any settlement, judgment, or payment of any kind by any individual or entity in connection with the subject matter of the incident described in the Complaint.

7. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred to the extent of available insurance coverage, including benefits available through any guaranty association or other governmental authority, available to any individual or entity which may be wholly or partially responsible for the damages alleged in connection with the subject matter of the incident described in the Complaint.

8. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred for failure to use an available and operational seat belt.

9. For an additional affirmative defense, Defendant Nationwide alleges entitlement to immunity from liability for the amount of any deductible selected by Plaintiff or by which Plaintiff is bound pursuant to any applicable automobile insurance agreement(s) providing personal injury protection coverage.

10. For an additional affirmative defense, Defendant Nationwide alleges that any recovery should be reduced or barred by the application of Florida Statute 768.81.

11. For an additional affirmative defense, Defendant Nationwide alleges that Defendant fulfilled the terms of the contract and performed pursuant to the agreed upon terms in Plaintiff's policy.

## DEMAND FOR JURY TRIAL

WHEREFORE, Defendant Nationwide demands trial by Jury of all issues so triable as a matter of right by Jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which furnished a copy to the following:

Alan K. Cooper, Esq.
13577 Feather Sound Drive, Suite 390
Clearwater, FL  33762
clwmail@nationwide.com
*Attorney for Nationwide*

James L. Magazine, Esq.
8606 Government Drive
New Port Richey, FL  34654
lucasmagazine@lucasmagazine.com
*Attorney for Plaintiff*

Stuart J. Freeman, Esq.
2553 First Avenue North
St. Petersburg, FL  33713
sjfreeman@brasfieldlaw.net
*Attorney for Charles Winzenread*

By:____*/s/ Trevor T. Rhodes*_____
Trevor T. Rhodes, Esquire
BANKER LOPEZ GASSLER P.A.
Email: service-trhodes@bankerlopez.com
501 E. Kennedy Blvd., Suite 1500,
Tampa, FL  33602
Ph: (813) 221-1500
FAX: (813) 222-3066
FLBN:  0020573
*Attorney for Nationwide*